IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE GERMAN SANTOS,** | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-1553 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN CRAIG A. LOWE,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the Court is Petitioner Jose German Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Pike County Correctional Facility in Lords Valley, Pennsylvania. Santos requests that he either be released from custody or be accorded a bond hearing. (Doc. No. 1-1 at 4.) Following an Order to Show Cause (Doc. No. 5), Respondent filed a response, asserting that Santos's detention pursuant to 8 U.S.C. § 1226(c) is lawful and does not violate the Due Process Clause of the Fifth Amendment. (Doc. No. 9.) Santos has filed a traverse. (Doc. No. 10.) For the reasons set forth below, the Court will dismiss Santos's § 2241 Petition.

## I. BACKGROUND

Santos, a citizen and national of the Dominican Republic, was admitted to the United States as a lawful permanent resident on October 6, 2006. (Doc. No. 9-1, Ex. 1 at 1; Ex. 2 at 3.) On November 20, 2017, in the Court of Common Pleas for

1

Luzerne County, Pennsylvania, Santos was convicted of possession with intent to distribute marijuana (128.25 grams) and was sentenced to two (2) years of probation. (*Id.*, Ex. 1 at 1; Ex. 2 at 3.) He was served with a notice to appear on December 7, 2017, charging him as being removable from the United States pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). (*Id.*, Ex. 1 at 1.) That same day, Santos was taken into ICE custody and placed into removal proceedings. (*Id.*, Ex. 3 at 1.)

On June 26, 2018, an immigration judge denied Santos's applications for asylum, withholding of removal under the INA, and deferral of removal under Article 3 of the Convention Against Torture and directed that he be removed from the United States to the Dominican Republic. (*Id.*, Ex. 4 at 1.) Santos appealed that decision to the Board of Immigration Appeals ("BIA") on July 19, 2018. (*Id.*, Ex. 5.) On July 25, 2018, the BIA rejected his appeal because the filing fee had not been paid. (*Id.*, Ex. 6.) In August of 2018, Santos refiled his appeal, which the BIA dismissed on December 26, 2018. *See* Mot. for Stay of Removal, *Santos v. Att'y Gen.*, No. 19-1111 (3d Cir.).[1] Santos subsequently filed a motion for stay of removal with the United States Court of Appeals for the Third Circuit. *Id.* The Third Circuit, by Order entered on January 11, 2019, temporarily granted Santos's motion and

---

[1] The Court may take judicial notice of court records. *See Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014) (citations omitted).

stayed his removal until his motion could be considered. *Id.* Santos's appeal of the BIA's decision remains pending. *Id.*

Santos seeks either release from confinement or a bond hearing, arguing that his detention for over six (6) months without a bond hearing violates due process. Respondent argues that the Court should deny Santos's petition because his detention under § 1226(c) remains lawful and does not violate the Due Process Clause. Respondent contends that the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), and therefore Santos is not entitled to a bond hearing. In his traverse, Santos argues that Respondent's asserting that *Jennings* abrogated *Diop* and *Chavez-Alvarez* is "completely without merit" and therefore he is entitled to a bond hearing under *Chavez-Alvarez*. (Doc. No. 10 at 2, 4.)

## II. DISCUSSION

As noted above, Santos is subject to removal pursuant to § 237(a)(2)(A)(iii) of the INA for having been convicted of an aggravated felony, as well as § 237(a)(2)(B)(i) of the INA for having been convicted of a violation relating to a controlled substance. Santos is detained pursuant to 8 U.S.C. § 1226(c), which provides, in part, that the Attorney General is required to detain any noncitizen who

"is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). An individual detained under § 1226(c) may only be released if the Attorney General decides that release is necessary to protect a witness and that the individual is not a flight risk and does not pose a danger to society. *Id.* § 1226(c)(2). Thus, "section 1226(c) does not give the Attorney General any authority to release these [individuals] on bond." *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 473 (3d Cir. 2015) (citing *Demore v. Kim*, 538 U.S. 510, 521 (2003)), *abrogated in part and other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

Previously, the Third Circuit "read *Demore* as also recognizing that there are limits to" the Government's authority to detain individuals under § 1226(c) without an opportunity to bond. *Chavez-Alvarez*, 783 F.3d at 473 (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Leslie v. Att'y Gen.*, 678 F.3d 265 (3d Cir. 2012)). Specifically, the Third Circuit recognized that the *Demore* Court based its ruling upon the short, fixed, and finite term of pre-removal detention. *Id.* at 474. Thus, in *Chavez-Alvarez*, the Third Circuit "read a reasonable time limit into the statute, relying on the Court's earlier decision in *Diop*, which employed the doctrine of constitutional avoidance to come to this conclusion." *Coello-Udiel v. Doll*, No. 3:17-CV-1414, 2018 WL 2198720, at *3 (M.D. Pa. May 14, 2018) (citing *Chavez-Alvarez*, 783 F.3d at 475; *Diop*, 656 F.3d at 231). The court noted that the

4

point at which a detained individual's liberties outweigh the interests advanced by detention pursuant under § 1226(c) occurs after the six-month time frame considered in *Demore* and before the individual has been detained for one year. *Chavez-Alvarez*, 783 F.3d at 478.

Recently, however, the Supreme Court explicitly rejected the practice of reading an implicit time limit into § 1226(c). *Jennings*, 138 S. Ct. at 846-47. In *Jennings*, the Supreme Court overruled the Ninth Circuit's conclusion that "§ 1226(c)'s mandatory [detention] language must be construed to contain an implicit reasonable time limitation." *Rodriguez v. Robbins*, 804 F.3d 1060, 1079 (9th Cir. 2015) (internal quotations omitted). In its opinion, the *Jennings* Court noted:

> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that [individuals] detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of [individuals] within its scope *must* continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).
>
> In a reprise of their interpretation of § 1225(b), respondents argue, and the [Ninth Circuit] held, that § 1226(c) should be interpreted to include an implicit 6-month time limit on the length of mandatory detention. Once again, that interpretation falls far short of a "plausible statutory construction."
>
> In defense of their statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed

5

> to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention.'" . . . . But § 1226(c) is *not* "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to be removed from the United States," § 1226(a), and it expressly prohibits release from that detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion 6-month time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.
>
> . . .
>
> Respondents next contend that § 1226(c)'s limited authorization for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered [individuals] may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions.
>
> . . .
>
> We hold that § 1226(c) mandates detention of any [individual] falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the [individual] is released for witness protection purposes.

*Jennings*, 138 S. Ct. at 846-47. In light of this holding, this Court has held that the Third Circuit's decisions in *Chavez-Alvarez* and *Diop* "have also been abrogated, since they relied on the doctrine of constitutional avoidance to read a reasonable time limitation into the statute." *Coello-Udiel*, 2018 WL 2198720, at *3. Thus, contrary to Santos's argument, he is not entitled to a bond hearing under either of those cases.

6

While not explicitly argued by Santos, the Court construes Santos's § 2241 Petition to include an argument that § 1226(c) is unconstitutional as applied to him. Because the *Jennings* Court explicitly declined to reach the merits of the petitioners' constitutional arguments, 138 S. Ct. at 851, "it is unclear under current Supreme Court precedent at what point a detention pursuant to § 1226(c) becomes unreasonable without a hearing, making continued detention unconstitutional in a particular case," *Coello-Udiel*, 2018 WL 2198720, at *3. To assist in making this determination, the United States District Court for the District of New Jersey has provided the following explanation:

> Although the Third Circuit's ultimate rulings in *Diop* and *Chavez-Alvarez* have been abrogated by *Jennings*, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance as to how this Court should address § 1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to § 1226(c) without a bond hearing] is a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232, 234). This Court likewise is mindful that "any determination on unreasonableness [must be] highly fact specific" and that "at a certain point—which may differ case by case[]—the burden to an alien's liberty outweighs" the Government's interest in detention without bond," *id.* at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. *Id.* at 474; *see also Demore*, 538 U.S. at 432, 123 S. Ct. 1513 (Kennedy, J., concurring). Because, however, *Jennings* foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that

7

> detention will normally become suspect between six months and a year, and because *Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six-month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, § 1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. *Jennings*, 138 S. Ct. at 846-47.

*Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Here, the Court agrees with Respondent that Santos's as-applied challenge fails. While Santos has been detained as part of his removal proceedings for a little over fifteen (15) months, it is not sufficient for him to merely point to the fact that his detention has become suspect by reaching the year mark. *See Carlos A. v. Green*, No. 18-741, 2018 WL 3492150, at *4 (D.N.J. July 20, 2018). Nothing in the record suggest "that the government has improperly or unreasonably delayed the regular course of proceedings, or that the government has detained him for any purpose other than the resolution of his removal proceedings." *Coello-Udiel*, 2018 WL 2198720, at *4. Rather, his case has proceeded at a reasonable pace. His appeal was dismissed by the BIA in approximately four (4) months after Santos refiled it. *See Carlos A.*, 2018 WL 3492150, at *5 (noting that "the immigration judge swiftly decided Petitioner's case . . . indeed, the immigration judge held a hearing and decided Petitioner's removability issue on the very same day that Petitioner's hearing was

8

held, and the BIA decided his appeal in short order"). Moreover, a review of the docket for Santos's appeal to the Third Circuit indicates that a briefing schedule has been entered. Having been ordered removed, the only reason that Santos is still detained under § 1226(c) is because of his appeal of that order, and, as noted, that appeal is proceeding at a reasonable pace. "While [Santos] certainly has the right to pursue all available avenues to combat his removal, post-*Jennings*, he does not have the right to parlay the resulting delay into a bond hearing." *Coello-Udiel*, 2018 WL 2198720, at *4. Accordingly, Santos's § 2241 Petition will be denied.

### III. CONCLUSION

For the foregoing reasons, Santos's § 2241 Petition (Doc. No. 1) will be denied. An appropriate Order follows.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: April 3, 2019