# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE GERMAN SANTOS,** | : | |
|     Petitioner | : | |
| | : | No. 1:18-cv-1553 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN CRAIG A. LOWE,** | : | |
|     Respondent | : | |

## **MEMORANDUM**

Before the Court is Petitioner Jose German Santos ("Petitioner")'s motion to enforce judgment. (Doc. No. 19.) The motion is fully briefed and ripe for disposition. For the following reasons, the Court will grant Petitioner's motion to enforce judgment.

**I.     BACKGROUND**

Petitioner, a citizen and national of the Dominican Republic, was admitted to the United States as a lawful permanent resident on October 6, 2006. (Doc. No. 9-1, Ex. 1 at 1; Ex. 2 at 3.) On November 20, 2017, in the Court of Common Pleas for Luzerne County, Pennsylvania, Petitioner was convicted of possession with intent to distribute marijuana (128.25 grams) and was sentenced to two (2) years of probation. (*Id.*, Ex. 1 at 1; Ex. 2 at 3.) He was served with a notice to appear on December 7, 2017, charging him as being removable from the United States pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). (*Id.*, Ex. 1 at 1.) That same day, Petitioner was taken into ICE custody

and placed into removal proceedings. (*Id.*, Ex. 3 at 1.) He has been detained at the Pike County Correctional Facility ("PCCF") ever since.

On August 7, 2018, Petitioner, then proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention pursuant to 8 U.S.C. § 1226(c) by ICE. (Doc. No. 1.) In a Memorandum and Order dated April 3, 2019, the Court denied Petitioner's § 2241 petition. (Doc. Nos. 12, 13.) Counsel appeared on Petitioner's behalf and filed a timely notice of appeal. (Doc. No. 16.) On July 7, 2020, the United States Court of Appeals for the Third Circuit concluded that because Petitioner has now been detained for more than two-and-a-half (2 ½) years, his detention under § 1226(c) had become unreasonable and "he has a due process right to a bond hearing, at which the Government must justify his continued detention by clear and convincing evidence." *German Santos v. Warden Pike Cty. Corr. Facility*, --- F.3d ----, 2020 WL 3722955, at *1 (3d Cir. July 7, 2020). The Third Circuit "reverse[d] and remand[ed] for the District Court to order a bond hearing within ten days of the entry of this Court's judgment" and issued the mandate at once. *Id.* at *8. Accordingly, in an Order dated July 7, 2020, this Court granted Petitioner's § 2241 petition and directed that he be "afforded an individualized bond hearing before an immigration judge within ten (10) days of the date of this Order." (Doc. No. 18.)

On July 17, 2020, Petitioner filed a motion to enforce (Doc. No. 19) this Court's July 7, 2020 Order directing that Petitioner be afforded an individualized bond hearing. Petitioner also filed an unopposed motion to expedite. (Doc. No. 20.) In an Order dated July 20, 2020, the Court granted Petitioner's motion to expedite, directed Respondent to file a response by July 27, 2020 and for Petitioner to file a reply by July 31, 2020. (Doc. No. 22.) Respondent filed his brief in opposition on July 27, 2020. (Doc. No. 23.)

In his motion, Petitioner indicates that on July 13, 2020, he had a bond hearing before Immigration Judge ("IJ") Golparvar at the York, Pennsylvania immigration court. (Doc. No. 19 at 1.) Prior to the bond hearing, the Government offered the following exhibits as evidence: (1) I-213 Record of Deportable/Inadmissible Alien; (2) Record of Conviction: Possess with Intent to Distribute Marijuana; (3) the IJ's May 26, 2020 Order; and (4) a copy of the Third Circuit's decision in *German Santos*. (*Id.*, Ex. A.) Petitioner submitted a brief regarding his case for a reasonable bond as well as: (1) the Third Circuit's decision; (2) docket sheets from his criminal proceedings in state court; (3) the toxicology report from his arrest; (4) an expert report interpreting the toxicology report; (5) a letter of support and declaration from Petitioner's partner, Vileika Matos; (6) letters of support from Petitioner's family; (7) Petitioner's tax returns; and (8) Petitioner's W-2s. (*Id.*, Ex. B.)

After hearing short oral arguments by counsel, IJ Golparvar denied bond to Petitioner.  (Doc. No. 19 at 1.)  He denied bond on the basis that Petitioner poses a danger and a significant flight risk.  (Doc. No. 19-1 at 141.)  IJ Golparvar relied solely on the affidavit of probable cause supporting Petitioner's 2016 arrest to conclude that Petitioner poses a danger to the community.  He based his conclusion that Petitioner is a flight risk on the fact that Petitioner has been ordered removed and that his application for cancellation of removal was recently denied, a decision that Petitioner is currently appealing.

Petitioner asserts that he did not receive a "truly individualized" bond hearing as required by the Third Circuit's opinion and requests that the Court review the IJ's determination and hold its own bond hearing.  (Doc. No. 19 at 1-2.)  Respondent maintains that Petitioner's motion should be denied because: (1) the Court's Order was satisfied when Petitioner received his bond hearing; (2) the Court lacks jurisdiction to review the IJ's bond decision; (3) Petitioner has not exhausted his administrative remedies by appealing to the Board of Immigration Appeals ("BIA"); and (4) the IJ conducted a permissible weighing of the evidence and reasonably denied bond.  (Doc. No. 23.)

## II. DISCUSSION

### A. Power to Enforce a Writ of Habeas Corpus

As an initial matter, Respondent contends that Petitioner's motion to enforce should be denied because: (1) the Court's Order was satisfied when Petitioner received a bond hearing; (2) the Court is statutorily barred from reviewing the IJ's discretionary weighing of the evidence; and (3) Petitioner's only avenue to challenge his bond hearing is to appeal to the BIA. (*Id.*) For the reasons set forth below, the Court disagrees.

Respondent is correct that a discretionary determination by an IJ regarding bail for an individual detained pursuant to § 1226 is not reviewable by this Court. *See* 8 U.S.C. § 1226(e); *Sylvain v. U.S. Att'y Gen.*, 714 F.3d 150, 155 (3d Cir. 2013). However, "[t]here is no question that this [C]ourt has the power to enforce its writs of habeas corpus." *Wilkins v. Doll*, No. 1:17-cv-2354, 2018 WL 3388032, at *2 (M.D. Pa. July 12, 2018); *see also Guerrero Sanchez v. Sabol*, No. 1:15-cv-2423, 2016 WL 7426129, at *4 (M.D. Pa. Dec. 23, 2016) (noting that "issues of constitutionality and law are fair game for the district court to consider under its habeas corpus jurisdiction"). Thus, district courts have continuing jurisdiction to address alleged noncompliance with writs of habeas corpus. *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007). Accordingly, "while the [C]ourt will not, and cannot, review an immigration judge's discretionary bail decision, it most certainly has the

power under its habeas jurisdiction to enforce compliance with its habeas writs." *Guerrero Sanchez*, 2016 WL 7426129, at *4.

The Court recognizes further that the rule favoring exhaustion of administrative remedies fosters important goals including: "(!) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). However, "the exhaustion requirement imposed by courts relating to habeas corpus petitions filed by immigration detainees is a prudential benchmark which is not compelled by statute." *Chajchic v. Rowley*, No. 1:17-cv-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), *Report and Recommendation adopted*, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017). In the instant case, the Court agrees with Petitioner that Respondent's argument regarding exhaustion "is undermined by the fact that significant judicial resources have already been expended." *Leslie v. Holder*, No. 3:11-cv-249, 2012 WL 3686782, at *3 (M.D. Pa. Aug. 27, 2012). Moreover, the Third Circuit has already concluded that Petitioner's detention has become unreasonably long. *German Santos*, 2020 WL 3722955, at *6. Thus, "any appeal to the BIA would . . . result[] in extending Petitioner's unreasonably long incarceration." *Leslie*, 2012 WL 3686782, at *3. The

Court, therefore, "disagrees . . . that Petitioner should be required to pursue an appeal with the BIA before returning to this Court and requesting enforcement of its judgment." *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1113-14 (S.D. Cal. 2008).

### B. Relevant Bond Hearing Requirements

"Compliance with the [C]ourt's writ is measured against the legal requirements for bond hearings for immigrants being detained pursuant to § 1226(c)." *Wilkins*, 2018 WL 3388032, at *2. Under these requirements, "once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary." *German Santos*, 2020 WL 3722955, at *7. This "evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." *Id.* at *8. "Mechanistic reliance on factors that are common to all § 1226(c) detainees will not suffice." *Wilkins*, 2018 WL 3388032, at *2; *see also Singh v. Holder*, 638 F.3d 1196, 1205-06 (9th Cir. 2011) (explaining that all alien detainees in § 1226 bond hearings presumably have at least one (1) crime in their past giving rise to their removal orders, and have been ordered removed by a final, administrative order, and, therefore, the presence of these factors alone does not necessarily warrant denial of bail).

Moreover, "the assessment of a section 1226 detainee's dangerousness and risk of flight must be made on a current basis." *Guerrero Sanchez*, 2016 WL 7426129, at *5. As the Third Circuit has stated:

> When detention is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable. The fact that some aliens posed a risk of flight in the past does not mean that they will forever fall into that category. Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption. Measures must be taken to assess the risk of flight and danger to the community on a current basis. The stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens.

*Chi Thon Ngo v. I.N.S.*, 192 F.3d 390, 398 (3d Cir. 1999). Therefore, submissions from the detainee showing, *inter alia*, "reform, rehabilitation, good character, education, employment history and prospects, familial ties to United States citizens, potential for relief from removal, and any other evidence that contravenes danger to the community or risk of flight must be considered, as such evidence is highly relevant to ascertaining the detainee's current risk level." *Guerrero Sanchez*, 2016 WL 7426129, at *5. "[W]hen assessing danger to the community, the extensiveness, recency, and severity of a detainee's past criminal activity must be considered." *Id.* Finally, "[w]hen assessing risk of flight, common-sense considerations include whether the imposition of conditions of release could mitigate flight risk, and whether the detainee has strong family ties to the United States." *Id.*

### C. Petitioner's Bond Hearing

Upon review of the record, the Court concludes that Petitioner did not receive an individualized bond hearing before the IJ as required by the law. As noted above, "once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary." *German Santos*, 2020 WL 3722955, at *7. This "evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." *Id.* at *8.

With respect to whether Petitioner posed a danger to the community, the IJ relied solely upon the affidavit of probable cause supporting Petitioner's 2016 arrest which led to his conviction for possession with the intent to distribute marijuana. The affidavit indicates that Petitioner was involved in a motor vehicle accident "involving a pedestrian with injury." (Doc. No. 19-1 at 21.) When police arrived to the scene, they observed a partially-smoked marijuana cigarette and an open can of beer in Petitioner's vehicle. (*Id.*) Moreover, marijuana was found in Petitioner's lunch box. (*Id.* at 20.) As the Third Circuit has noted, however, it is not that past "convictions are no longer relevant. Due process is not satisfied, however, by rubberstamp denials based on temporally distant offenses. The process due even to . . . aliens requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight." *Chi Thon Ngo*, 192 F.3d at 398. Therefore,

while Petitioner's sole conviction is relevant, it does not place him "forever beyond redemption." *Id.* "To presume dangerousness to the community . . . based solely on [Petitioner's] past record does not satisfy due process." *Id.* at 398-99. Here, the IJ's sole reliance on Petitioner's past criminal conduct and failure to consider his risk to the community on a current basis "falls short of the due process the law requires." *Guerrero Sanchez*, 2016 WL 7426129, at *8.

Likewise, with respect to whether Petitioner poses a flight risk should he be released, "the IJ relied almost entirely on a 'mechanistic factor' common to virtually all immigration detainees that are subject to prolonged detention, *i.e.*, the existence of a removal order entered by an IJ." *Wilkins*, 2018 WL 3388032, at *3. Specifically, the IJ noted that Petitioner was a flight risk because he has been ordered removed and because his application for cancellation of removal was denied. Under this reasoning, however, "every detainee who has a pending appeal of a removal order would be ineligible for bond." *Id.* Thus, "[s]uch a determination is not sufficiently individualized." *Id.*

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner did not receive the individualized bond hearing that due process requires.  Accordingly, Petitioner's motion to enforce judgment (Doc. No. 19) will be granted, and the Court will conduct its own bond determination.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: August 6, 2020